IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Deborah Rice-Williford, | ) | |
| | ) | Civil Action No. 4:18-00353-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff, Deborah Rice-Williford ("Rice-Williford"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner")[1], denying her claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 18).[2] Rice-Williford has filed objections to the Report (ECF No. 21), and the Commissioner has responded to those objections (ECF No. 24). Accordingly, this matter is now ripe for review.

**I. Background**

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill, who was the Acting Commissioner of Social Security when this action was filed.

[2] A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On December 2, 2011, Rice-Williford applied for DIB, alleging that she has been unable to work since December 2, 2005. (ECF No. 10-5 at 16-17). Her claim was denied initially on February 23, 2012, and upon reconsideration on April 24, 2012. (ECF. No. 10-11 at 5). On July 15, 2013, an Administrative Law Judge ("ALJ") conducted a hearing and received testimony from Rice-Williford and vocational expert Benson Hecker, Ph.D. *Id*. On November 12, 2013, the ALJ denied Rice-Williford's claim for benefits. *Id*. at 13. In her decision, the ALJ found that Rice-Williford suffered from the following severe impairments through March 31, 2011, the date last insured: interstitial cystitis, cervical spine degenerative disc disease, residuals of right rotator cuff tear, right shoulder degenerative joint disease, and idiopathic hypersomnia. *Id*. at 7. The ALJ then determined that Rice-Williford had a residual functional capacity ("RFC") to perform light work and that she was "frequently able to bilaterally handle/finger, and is occasionally able to reach overhead with her dominant right hand." *Id*. at 8. The ALJ determined that Rice-Williford was unable to use ladders or expose herself to dangerous machinery or unprotected heights. *Id*. In explaining the RFC assessment, the ALJ gave "some weight" to the opinion evidence of Dr. Carl Anderson, a consulting doctor who opined in February 2009 that Rice-Williford was able to perform medium work with limitations as to climbing ladders and restrictions as to exposure to hazards. *Id*. at 11. There was no opinion evidence from any treating physicians in the record. *Id*. at 35-36. Finally, based on Rice-Williford's age, education, work experience, RFC, as well as the testimony of the vocational expert, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Rice-Williford could have performed. *Id*. at 11-12. Accordingly, the ALJ ruled that Rice-Williford was not disabled within the meaning of the SSA between December 5, 2005, the alleged onset date, and March 31, 2011, the date last insured. *Id*. at 12-13.

Rice-Williford subsequently sought review by the Appeals Council, (ECF No. 10-2 at 15), and she submitted new opinion evidence from Dr. Robert LeBlond, *id*. at 6, one of her prior treating physicians. Dr. LeBlond signed a statement dated May 7, 2014, that was prepared by counsel for Rice-Williford and provided that LeBlond had treated Rice-Williford for "the past 14 years" for "neck, upper back, and shoulder pain." (ECF No. 10-9 at 62). He noted that these complaints were consistent with a 2006 MRI, which confirmed herniated discs in her cervical spine, and a 2005 MRI, which showed a rotator cuff tear in her right shoulder. *Id*. Dr. LeBlond's statement noted that "[o]ver the years, her condition has observably deteriorated" and that "medications and trigger point injections . . . have provided her with some minimal relief." *Id*. Dr. LeBlond further indicated that if Rice-Williford "attempted to work a whole 8 hour workday she would probably need to rest away from the work station quite often due to her increasing pain" and that she probably "would not be able to use her arms any more than occasionally" as such use would aggravate her neck pain so much that she would be unable to keep up with "even simple tasks." *Id.* Dr. LeBlond believed Rice-Williford "had these limitations at least since 2011" and stated that he felt "like she was limited to this extent well before that." *Id*. Finally, after noting that she also has a rheumatologic condition that would further contribute to her work limitations, Dr. LeBlond asserted that Rice-Williford "would not be able to perform any full time work." *Id*. Although it considered the statement of Dr. LeBlond as well as other new information, the Appeals Council denied Rice-Williford's request for review, making the ALJ's decision the final decision of the Commissioner. *Id*. at 1-6.

On January 23, 2015, Rice-Williford filed an action seeking review of the Commissioner's decision. *See Rice-Williford v. Colvin*, 4:15-cv-00317 (D.S.C.) ("*Rice-Williford I*") at Dkt. No. 1. On February 1, 2016, the court adopted the magistrate judge's recommendation that the

Commissioner's decision be reversed and remanded for consideration of new opinion evidence from Dr. LeBlond. (ECF No. 10-11 at 41-42); *see Rice-Williford I* at Dkt. No. 17.

On June 29, 2016, the ALJ conducted another hearing at which Rice-Williford, who was represented by counsel, and Dr. Hecker testified. (ECF No. 10-10 at 34-64). On August 30, 2016, after considering the May 7, 2014, medical statement of Dr. LeBlond in addition to the previously-considered record, the ALJ issued a decision finding Rice-Williford was not disabled within the meaning of the Act. *Id*. at 13. The ALJ found that Rice-Williford had the following severe impairments: cervical and lumbar spine degenerative disc disease, residuals of right rotator cuff tear, right shoulder degenerative joint disease, polyarthritis, right elbow neuropathy, interstitial cystitis, and idiopathic hypersomnia." *Id*. at 15.

With respect to Rice-Williford's RFC, the ALJ determined that she could perform light work "except she can never climb ladders/ropes/scaffolds or be exposed to dangerous machinery or unprotected heights." *Id*. at 18. The ALJ further noted that Rice-Williford "is frequently able to bilaterally handle/finger and is occasionally able to reach overhead with her dominant right hand." *Id*. The ALJ explained that she gave "full consideration to the medical statement of Dr. LeBlond, dated May 7, 2014," but did not "give[] this opinion controlling weight even though Dr. LeBlond is a treating physician, because [she did] not find it to be adequately supported by his clinical findings of record or the other substantial and credible evidence of record." *Id*. at 23. The ALJ listed several specific reasons in support of the decision to attach "little weight" to the May 7, 2014, statement. First, the ALJ noted that from February 2011 through December 2011, Dr. LeBlond's treatment notes consistently indicated that Rice-Williford "demonstrate[d] a stable/normal neurological exam with 5/5 muscle strength, normal sensation and deep tendon reflexes, and negative straight leg raising" and that "the only abnormality noted is some muscle

4

tension in her paraspinal, trapezius, and sacroiliac joints" and "positive impingement in right shoulder 'with mild pain with facet loading.'" *Id.* Further, Dr. LeBlond's notes reflected that "in May 2011, two-months after her DLI, while claimant reported increased pain, . . . she exhibited no changes in strength and sensation and reported that her pain level was only a 3 with medication." *Id*. Second, the ALJ observed that Dr. LeBlond's May 7, 2014, opinion "use[d] vague, imprecise terms such as 'probable, probably, and tend,'" and was "devoid of function by function analysis or specific functional restrictions." *Id*. Third, the ALJ found that Dr. LeBlond's statement that "if she attempted to work a whole 8-hour workday she would 'probably' need to rest away from the work station 'quite often' due to her increasing pain" was not consistent with his treatment records "that consistently note that pain level is only a level 3-5 with pain medication and pain is 'well controlled' with Lortab with no side-effects." *Id*. Finally, the ALJ observed that Dr. LeBlond believed Rice-Williford "will likely always have some active pain which will have exacerbations periodically, but . . . that she is functioning well despite the pain."

As to Rice-Williford's past relevant work, the ALJ noted that Rice-Williford worked as a telephone collections agent and manager for a financial institution from January 1998 through December 2005. *Id.* at 25. Based on the testimony of both Rice-Williford and Dr. Hecker, the vocational expert, the ALJ found that a "collections agent/telephone solicitor" job is "sedentary in exertion" and requires the worker to "sit all day and use the telephone to call individuals to collect money." *Id*. Accordingly, the ALJ concluded that, "[i]n light of Dr. Hecker's testimony and in comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform her past relevant work as a collections/telephone solicitor as actually performed" and "was not under a disability, as defined

by the Social Security Act, at any time from December 2, 2005, the alleged onset date, through March 31, 2011, the date last insured." *Id*.

Once again, the Appeals Council denied Rice-Williford's request for review, making the ALJ's decision the final decision of the Commissioner. *Id.* at 2. On February 8, 2018, Rice-Williford filed the present action seeking review of the ALJ's August 30, 2016, decision denying her application for DIB. (ECF No. 1). On May 28, 2019, the magistrate judge issued the Report recommending that the court affirm the Commissioner's decision. (ECF No. 18). As noted previously, Rice-Williford filed objections to the Report (ECF No. 21), and the Commissioner responded to those objections (ECF No. 24).

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny

to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In his Report, the magistrate judge determined that the weight afforded to Dr. LeBlond's opinion was supported by substantial evidence and that the ALJ gave "good reason" for giving Dr. LeBlond's post-DLI opinion little weight. (ECF No. 18 at 33-34). The magistrate judge specifically rejected Rice-Williford's argument that favoring the opinions of "non-examining state agency doctors" over the opinion of treating physician Dr. LeBlond was error because the non-examining doctors did not have the complete record in front of them. *Id.* at 34. The magistrate judge recognized that "the medical opinion of a treating physician is entitled to controlling weight . . . if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." (ECF No. 18 at 28). However, the magistrate judge found that the ALJ's determination that Dr. LeBlond's 2014 opinion was not supported by his treatment notes during the relevant time period was supported by substantial evidence and that the ALJ adequately explained this determination. *Id*. at 33-34. The magistrate judge rejected Rice-Williford's argument that the ALJ essentially gave controlling weight to the conclusions of non-examining state agency doctors that were based on an incomplete record, noting that the ALJ only gave the consulting doctors "some" weight in light of the new evidence presented at the second hearing. *Id*. at 34. Finally, the magistrate judge rejected Rice-Williford's argument that the ALJ failed to properly account for her interstitial cystitis ("IC") condition in assessing her RFC, concluding that substantial evidence supported the ALJ's decision that contemporaneous treatment records during the relevant time period did not support Rice-

Williford's testimony at the 2016 hearing that she went to the restroom 18-20 times every day. *Id*. at 36-38.

In her objections, Rice-Williford argues that the magistrate judge incorrectly concluded that the ALJ's finding that Dr. LeBlond did not treat Rice-Williford between December 2011 and March 2014 was harmless error, *id*. at 2; that the ALJ's decision not to give Dr. LeBlond's opinion great or controlling weight was not supported by substantial evidence, *id*. at 2; and that the ALJ improperly "cherry-picked" from the record and therefore failed to adequately explain her decision not to give Dr. LeBlond's opinion great or controlling weight, *id*. at 2-4.[3]

Each of these objections merely restates arguments already presented to and rejected by the magistrate judge. *See* (ECF No. 15 at 3) (arguing the ALJ's mistake of fact related to the finding that Dr. LeBlond did not treat her between December 1, 2011, and March 17, 2014, was not harmless error); (ECF No. 13 at 26-32) (arguing the ALJ's decision was not supported by substantial evidence because she improperly weighed the evidence and reached the wrong conclusion); (ECF No. 13 at 29, 30) (arguing that the ALJ "cherry-picked the evidence to reject Dr. LeBlond's opinion" and "provided no explanation for choosing negative findings over the positive findings"). Therefore, these objections do not constitute specific objections to the Report and the court need not consider them. *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection

---

[3] Rice-Williford's objections also state that the magistrate judge committed error in allowing the ALJ's failure to consider the opinion of consulting physician Dr. Rana to stand. (ECF No. 21 at 1). Because no such consulting doctor appears to have submitted an evaluation in this case, the court concludes that this reference was inadvertent and that it need not be addressed.

and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019). "The Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Furthermore, having carefully reviewed the record in its entirety, the court is of the opinion that the ALJ's findings and conclusions are supported by substantial evidence. Therefore, the court finds no clear error in the Report and overrules Rice-Williford's repetitive and non-specific objections. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (explaining that in the absence of a proper objection, "[t]he court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

The court rejects Rice-Williford's remaining objection that the magistrate judge failed to address her argument that the ALJ's decision to give the opinions of the consulting doctors[4] more weight than Dr. LeBlond's opinion was not supported by substantial evidence because the consultants did not have the benefit of subsequently-provided opinions from treating doctors. (ECF No. 21 at 3). In fact, the magistrate judge did address this argument:

> Plaintiff's argument, in relation to Dr. LeBlond's opinion receiving little weight, that the assignment of some weight to non-examining state agency doctors was error is without merit. Plaintiff notes that it is error to give "controlling weight" to an opinion that contradicts a treating opinion where the opinion was based on an incomplete record. Such is not the scenario here. State agency consultants found medium work and the ALJ specifically noted that *evidence presented at the hearing level was considered that the consultants did not have*, thus resulting in only "some weight.

---

[4] Primarily, Rice-Williford cites to the residual function capacity assessment performed by consulting physician Carl Anderson. (ECF No. 10-8 at 93-106).

(ECF No. 18 at 34) (emphasis added). As the magistrate judge noted, the ALJ did not fully credit Dr. Anderson's RFC assessment and added additional restrictions based on evidence that Dr. Anderson did not have:

> [W]hile I have given some weight to the State Agency findings of Dr. Anderson . . . who determined that claimant could perform a range of medium work with climbing, reaching and environmental restrictions, I have *further restricted claimant* to light work and assessed manipulative limitations of only frequent handling and fingering and occasional overhead reaching with her right upper extremity *in consideration of evidence presented at the hearing level, including her testimony*.

(ECF 10-10 at 481) (emphasis added).

The ALJ discharged her duty to perform an independent assessment of a Rice-Williford's RFC based on the evidence of record. *See* 20 C.F.R. §§ 416.946, 404.1546. The ALJ's reliance on the consulting doctor's assessment in this case, to which the ALJ attached "some weight," was appropriate as the ALJ did not "rubber stamp" the assessment and, in fact, added restrictions based on the ALJ's consideration of the additional evidence that the consulting doctor did not have. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361–62 (3d Cir. 2011) (ALJ properly relied on opinion of medical consultant even though record contained evidence submitted after the consultant's assessment where the ALJ added restrictions that the medical consultant did not deem necessary). Accordingly, this objection is overruled.

### IV. Conclusion

Having conducted a thorough review of the entire record, the court concurs with both the reasoning and the result reached by the magistrate judge in his Report and finds the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 18) and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

August 26, 2019
Anderson, South Carolina